```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF UTAH
```
_____

GUIDO JOHN ALVILLAR,              )  **DISMISSAL ORDER**
                                  )
          Petitioner,             )  Case No. 2:06-CV-993 DB
                                  )
     v.                           )  District Judge Dee Benson
                                  )
UTAH STATE BD. OF PARDONS & PAROLE et al.,
                                  )
          Respondents.            )
_____

On March 16, 2010, this Court ordered Petitioner to within ten days show cause why his habeas petition should not be dismissed because he filed it past the one-year period of limitation.[1] Petitioner essentially responds that equitable tolling excuses his tardiness. Specifically, Petitioner excuses his failure to timely file his petition by asserting he lacked access to a law library and legal knowledge, the prison contract attorney system is inadequate and gave him misinformation about habeas filings, and substantive arguments in his habeas petition excuse his late filing. Based on these circumstances, he argues that the Court should apply equitable tolling to rescue him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to

---

[1] *See* 28 U.S.C.S. § 2244(d) (2010).

file a petition on time."[2] Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[3] And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4] Petitioner does not raise actual innocence; the Court thus focuses on "uncontrollable circumstances."

Against the backdrop of these general principles, the Court considers Petitioner's specific arguments. Petitioner asserts that his lateness should be overlooked because he lacked a law library, legal knowledge, and had only limited help and misinformation from prison contract attorneys. The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling.[5] Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se

---

[2] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

[4] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[5] *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

petitioner, generally does not excuse prompt filing.'"[6]  Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[7]  It follows that Petitioner's contention that prison contract attorneys' misinformation thwarted his habeas filings does not toll the period of limitation.[8]

Further, Petitioner's restatement of some of the substantive claims in his petition (e.g., the allegedly illegally induced guilty plea at his parole-revocation hearing) does nothing to further his argument that the Court should disregard the period of limitation's expiration.  The kernel of the Court's analysis regarding equitable tolling is not whether Petitioner urgently believes errors took place in the state proceedings, but--to reiterate--whether Petitioner personally did everything he could to ensure this federal petition was timely filed.  His response does not show this kind of self-directed tenacity.

---

[6]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[7]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2010) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[8]*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "diligently pursue his federal claims."  In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Accordingly, the current petition before the Court was filed past the one-year period of limitation.  And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Petitioner's petition is denied as untimely.[9]  This case is CLOSED.

DATED this 29th day of March, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge

---

[9] *See* 28 U.S.C.S. § 2244(d) (2010).